FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 29  AM 10: 11

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN AND DAN ROBIN** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | |
| **VERSUS** | * | SECTION **06 - 5242** |
| | * | |
| **FIDELITY NATIONAL PROPERTY AND** | * | JUDGE **SECT. J MAG 5** |
| **CASUALTY INSURANCE** | * | |
| **COMPANY** | * | |
| | * | **MAGISTRATE** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**COMPLAINT**</u>

Now through undersigned counsel come plaintiffs, Susan and Dan Robin, husband and wife, who hereby file this complaint against defendant, Fidelity National Property and Casualty Insurance Company, and respectfully allege as follows.

1.

Plaintiffs, Susan and Dan Robin, are husband and wife, and each is a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana, and is a citizen of the State of Louisiana.

2.

Defendant, Fidelity National Property and Casualty Insurance Company, is a foreign insurance company, domiciled in and having its principal place of

Fee 350.00
Process PM 18M
X Dktd
___ CtRmDep
___ Doc. No

business in the State of New York, of which it is a citizen, but licensed to do and doing business in the State of Louisiana and the Parish of St. Bernard.

3.

This action arises from the defendant's breach of its contractual and legal obligations to pay to plaintiffs the full amounts due under the certain policy no. 177700587914 of flood insurance issued by defendant to plaintiffs pursuant to the National Flood Insurance Program (NFIP), and insuring plaintiffs' property and contents located at 2405 Maple Street, St. Bernard, Louisiana, within the Parish of St. Bernard.

4.

Subject matter jurisdiction of this Honorable Court is founded on the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001 et seq. Moreover, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between plaintiffs and defendant, such that this Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.

Venue in this judicial district is proper under 42 U.S.C. § 4072, which requires suit to be filed in the judicial district where the insured property is located. Moreover, venue is proper under 28 U.S.C. § 1391 because defendant resided in this district, and/or substantial part, if not all, of the events or omissions giving rise to the claim occurred in this district, and/or defendant may be found in this district or is otherwise subject to the personal jurisdiction of this Court.

6.

At all material times, plaintiffs were insured under the certain policy no. 177700587914 of NFIP flood insurance issued by defendant, and delivered to plaintiffs in the State of Louisiana, effective April 30, 2005 to April 30, 2006, insuring property and contents located at 2405 Maple Street, St. Bernard, Louisiana, up to the limits of coverage provided therein, subject to a $500.00 deductible for the structure and a $500.00 deductible for contents.

7.

On or about August 29, 2005, Hurricane Katrina struck the City of New Orleans, and by the following day and thereafter, the storm produced, among other things, massive flooding which destroyed or damaged many homes, business, and other property.  Plaintiffs' property and contents were severely damaged by the flood, waters, within the coverage of the subject policy no. 177700587914.

8.

Plaintiffs made a claim and provided adequate proof of loss to defendant for the insured damage to plaintiff's property covered by defendant's policy flood insurance.

9.

Defendant sent an adjuster, Matt Landers, who after viewing the property denied the claim verbally.

10.

Despite amicable demand, defendant has failed and/or refused to pay the full amounts due to plaintiffs under defendant's policy of insurance at issue.

11.

Defendant's claim that the property is partially over water is incorrect and does not negate the coverage afforded plaintiffs.

12.

Defendant has not denied the claim in writing and has not returned the premiums paid to it by plaintiffs.

13.

Defendant's conduct has been unreasonable, arbitrary, capricious, and/or without probable cause in failing and/or refusing to pay to plaintiffs, within thirty days after receipt of satisfactory written proofs and demand, the full proceeds of the insurance coverage due them under the policy no. 177700587914, such that plaintiffs are entitled to statutory penalties, attorneys' fees, and costs as provided by law including, but not limited to, those allowed by La. R.S. 22:658, as amended, which plaintiffs contend is not preempted by federal law, and from which defendant is not immune.

14.

Plaintiffs are therefore entitled to and demand judgment against defendant for the full proceeds of the flood insurance policy no. 177700587914 at issue, in the amounts shown to be due, not to exceed $500,000.00 plus interest thereon

from date of indebtedness, or alternatively, from a date not later than date of judicial demand, together with statutory penalties, attorneys' fees, and costs.

WHEREFORE, plaintiffs Susan and Dan Robin, respectfully demand judgment in their favor and against defendant, Fidelity National Property and Casualty Insurance Company, as demanded in paragraph 11 of this complaint, and such other or further relief as justice or the nature of the case may require.

RESPECTFULLY SUBMITTED,

THE LAW OFFICE OF KEITH COUTURE
KEITH COUTURE, #22759
PETER J. DIIORIO, #29837
SAMUEL BEARDSLEY, #22252
1341 West Causeway Approach
Post Office Box 2381
Mandeville, LA  70470-2381
(985) 674-4428
(985) 674-4462 fax

AND

DAN A. ROBIN, JR. (LSBA #24628)
800 N. Causeway Blvd.
Suite 100
Metairie, LA 70007
(504) 832-8567 /(504)832-1799fax