## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN AND DAN ROBIN** | * | **CIVIL ACTION NO.  06-5242** |
| | * | |
| **Plaintiffs,** | * | |
| **versus** | * | |
| | * | |
| **FIDELITY NATIONAL PROPERTY AND** | * | **SECTION "J"** |
| **CASUALTY INSURANCE COMPANY** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |
| | * | **MAG. 5** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, (hereinafter "FNPAC") a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as  "fiscal agent of the United States,"[2] and at the expense of the federal

---

[1]  44 C.F.R. §62.23(f).

[2]  42 U.S.C. §4071 (a)(1)*; Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

treasury,[3] and files the following as its Answer and Affirmative Defenses to the Plaintiffs' Complaint.

ANSWER

1. The allegations contained in the paragraph 1 of Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

2. The allegations contained in paragraph 2 of Plaintiffs' Complaint are admitted to the extent that FNPAC is a foreign insurance company with its principal place of business in St. Petersburg, Florida and is licensed to do and is doing business in St. Bernard and Louisiana.

3. The allegations contained in paragraph 3 of Plaintiffs' Complaint are admitted by FNPAC to the extent that FNPAC in its capacity as a WYO Program insurance carrier issued a Standard Flood Insurance Policy (SFIP) properly identified by policy number to insure the dwelling located at 2405 Maple Street, St. Bernard, Louisiana. Answering further, at all times relevant, FNPAC was acting in its capacity as a WYO Program carrier participating in the NFIP pursuant to its Arrangement [4] with the Federal Emergency Management Agency ("FEMA"). Answering further, FNPAC denies that the SFIP purchased by Plaintiffs' covers the damages for which they seek including payment for alleged damage to contents.

4. FNPAC admits that this Honorable Court has jurisdiction of this matter. The allegations contained in Paragraph 4 of the Plaintiffs' Complaint as to the matter in controversy exceeding $75,000.00 is denied.

---

[3]  42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

[4] 44 C.F.R. Pt. 62, App. A

5.  The allegations contained in paragraph 5 of Plaintiffs' Complaint are admitted.

6.  The allegations contained in paragraph 6 of Plaintiffs' Complaint are denied by FNPAC to the extent that the SFIP at issue in this case which policy number is properly identified by Plaintiffs is the best form of proof as to the type of damages for which it provides coverage. Answering further, denied as the policy does not provide content coverage.

7.  The allegations contained in paragraph 7 of Plaintiffs' Complaint are admitted to the extent that Hurricane Katrina caused massive flooding thereby destroying and/or damaging many homes, businesses, and other property. Answering further, Defendant FNPAC denies the allegations that the damages to the Plaintiffs' property and contents is covered under the SFIP that they purchased.

8.  The allegations contained in paragraph 8 of Plaintiffs' Complaint are denied.

9.  The allegations contained in paragraph 9 of Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

10.  The allegations contained in paragraph 10 of Plaintiffs' Complaint are denied.

11.  The allegations contained in paragraph 11 of the Plaintiffs' Complaint are denied.

12.  The allegations contained in paragraph 12 of the Plaintiffs' Complaint are denied as Defendant FNPAC denied coverage under the SFIP that the Plaintiffs' purchased and under which they have filed this lawsuit. Answering further, Defendant admits that it has not returned to the Plaintiffs the premiums it received.

13.  The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied. Further, these allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact. The Plaintiffs' allegation that their request for attorney's fees

-3-

and penalties are not preempted by federal law is denied.

14.   The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied.

The relief sought in Plaintiffs' prayer for relief are denied by FNPAC. Answering further, the extra-contractual relief requested including penalties and attorney's fees are preempted and barred by federal law.

AND NOW comes Defendant, FNPAC in its capacity as a WYO Program carrier for the purpose of asserting the following affirmative defenses:

### DEFENSE I

The Plaintiffs' Complaint fails to set forth any claim upon which relief may be granted by this Honorable Court.

### DEFENSE II

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331 and 1337. Jurisdiction over the state law claims that Plaintiffs have alleged exists pursuant to 28 U.S.C. §1367.

### DEFENSE III

Plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs seek under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(2), Art. VII, each

provision of which is expressly pleaded herein by reference.

### DEFENSE IV

The burden to present the claim(s) lies solely with the insured, not anyone else per Article VII (J)(5), (7) and (8) of the SFIP.

### DEFENSE V

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(2) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

### DEFENSE VI

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of the SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, and on authority of *Kelly v. The Standard Fire Ins. Co.,* 1994 WL 905630 (S.D. Fla. 1994), Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under the SFIP, and that the Defendant thereupon reimburse to the Plaintiffs the premium payment for the policy term in effect on the date of loss.

### DEFENSE VII

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic,

consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(2).

## DEFENSE VIII

Some or all of the claims of the Plaintiffs may be barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(2), including but not limited to physical damage that was not from flood, wind damage, damage due to wind driven rain, and damage due to water spray. Under the doctrine of concurrent causes, all burdens of proof upon this issue rest upon the Plaintiffs.

## DEFENSE IX

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

## DEFENSE X

If the Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(2), Art. VII(P). Defendant affirmatively asserts that the Plaintiffs do not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

**DEFENSE XI**

By statute, the Defendant is the fiscal agent of the United States.  42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

**DEFENSE XII**

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). A court does not have this power. Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

**DEFENSE XIII**

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program.  Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a

dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

## DEFENSE XIV

Defendant pleads as an affirmative defense Art. VII(V) Loss Settlement and all sub-parts thereto of the SFIP.

## DEFENSE XV

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

## DEFENSE XVI

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## DEFENSE XVII

All of the Plaintiffs' claims or relief sought against FNPAC that are based upon Louisiana law are preempted and barred by federal constitutional, statutory and regulatory law.  See *Wright v. Allstate*, 415 F.3d 384 (5th Cir. 2005) and *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

**DEFENSE XVIII**

As all claims under the Standard Flood Insurance Policy are made with U.S. Treasury funds out of segregated accounts, maintained by the WYO Carrier in compliance with the "Arrangement," all payments must be in conformity with the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution, and the Separation of Powers Doctrine.

**DEFENSE XIX**

FNPAC is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under FNPAC's logo.  FNPAC agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency.  FNPAC does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority.

**DEFENSE XX**

FNPAC avers that "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

**DEFENSE XXI**

FNPAC pleads that Plaintiff has failed to meet all conditions precedent for filing a lawsuit against the WYO Carrier, as required by 44 C.F.R. Pt. 61, App. A(2), Article VII(R), including but not limited to the requirements of Article VII (J) (3) and (4) of the SFIP.

## DEFENSE XXII

Defendant pleads as an affirmative defense Article IV, Property Not Covered, and all subparts contained therein.

## DEFENSE XXIII

The SFIP only pays "for direct physical loss by or from flood" under the conditions contained in Article I, "Agreement," as stated in the SFIP.

## DEFENSE XXIV

All persons are charged with knowledge of the published federal laws, rules and regulations, and the SFIP is itself codified and found at 44 C.F.R. Part 61, App. A(2).  Furthermore, per U.S. Supreme Court precedents, the Plaintiffs have an obligation to familiarize themselves with the terms and conditions for participating in this federal program.

## DEFENSE XXV

There was no compliance by the Plaintiffs with the terms of the extension by the Federal Insurance Administrator.

## DEFENSE XXVI

Pursuant to 44 C.F.R. 61.5(e), any representations regarding the extent and scope of coverage that are inconsistent with the terms of the SFIP are void as a matter of federal law.

## DEFENSE XXVII

The SFIP purchased by the Plaintiffs does not cover damage to "a building, and personal property in it, located entirely in, on, or over water or seaward of mean high tide" under the conditions contained in Art. IV, "Property Not Covered," as stated in the SFIP.

-10-

## DEFENSE XXVIII

The SFIP purchased by the Plaintiffs does not cover damage to "open structures, including a building used as a boathouse or any structure or building in to which boats are floated, and personal property located entirely in, on, or over water" under the conditions contained in Art. IV, "Property Not Covered," as stated in the SFIP.

## DEFENSE XXIX

The SFIP purchased by the Plaintiffs does not cover damage to "retaining walls, seawalls, bulkheads, wharves, piers, bridges and docks" under the conditions contained in Art. IV, "Property Not Covered," as stated in the SFIP.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves the right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Defendant, Fidelity National Property and Casualty Insurance Company, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings are heard, that there be a judgment in favor of this Defendant and against the Plaintiffs, dismissing this lawsuit against FNPAC with prejudice, and at the Plaintiffs' costs.

Dated:  October 9th, 2006.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.


/s/ Christopher J. Bell
_____
CHRISTOPHER J. BELL, LA 22734
GERALD J. NIELSEN, La. S.B. 17078
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: cbell167@aol.com
Counsel for Defendant: FIDELITY NATIONAL
PROPERTY AND CASUALTY INSURANCE
COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Keith Couture | Dan A. Robin |
| 1341 West Causeway Approach | 800 N. Causeway Blvd. |
| Post Office Box 2381 | Suite 100 |
| Mandeville, Louisiana 70470-2381 | Metairie, Louisiana 70007 |

I further certify that I mailed the foregoing document via facsimile and first-class mail to the following non-CM/ECF participants:


N/A

/s/ Christopher J. Bell
_____
Christopher J. Bell

-12-